# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HERMAN L. CRAWFORD,

    Plaintiff,

v.                                                                  Case No. 09-C-0616

JULIE SMITH, JULIA STARK, and JOE HENGER,

    Defendants.

## ORDER

    The plaintiff, Herman L. Crawford, is proceeding pro se and in forma pauperis on claims under 42 U.S.C. § 1983 that the defendants violated his civil rights. The plaintiff has filed a request for the appointment of counsel, which is now before the court.

    The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. §636(b)(1)(B) and General Local Rule 72 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

    In support of his request, the plaintiff cites his indigence and incarceration and represents that he has no means to contact legal representation due to his limited ability to contact the public while in custody. However, before the court can consider whether to recruit pro bono counsel for a plaintiff in a civil case, the litigant must make a reasonable attempt to secure private counsel on his own. Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir.

2007). Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Id. at 654-655 (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993)).

The plaintiff has not provided any indication that he has unsuccessfully attempted to obtain legal counsel on his own. Nonetheless, the plaintiff has provided a detailed complaint setting forth his claims, and the issues in this case appear at this stage to be straightforward. Therefore, at this juncture, given the nature of the case, it appears that the plaintiff is competent to litigate this case himself.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's request for the appointment of counsel (Docket #20) be and hereby is **denied without prejudice**.

Dated at Milwaukee, Wisconsin this 1st day of June, 2010.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge