## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

HERMAN L. CRAWFORD,

    Plaintiff,

    v.                                               Case No. 09-C-0616

JULIE SMITH,
JULIA STARK, and
JOE HENGER,

    Defendants.

## DECISION AND ORDER

The plaintiff, who is proceeding pro se, filed this civil rights action against the defendants under 42 U.S.C. § 1983 on June 19, 2009. Now before the court are the plaintiff's request and motion to appoint counsel and his motion to sanction the defendants. (Docket # 37, 48, and 51). Also before the court are defendant Joe Henger's motion for summary judgment and the motion to dismiss/motion for summary judgment filed by defendants Julie Smith and Julia Stark. (Docket # 54 and 60).

### I. DISCOVERY ISSUES

The plaintiff has submitted several letters regarding discovery issues, as well as a motion asking for sanctions against the defendants for their failure to comply with his discovery requests. Although the plaintiff has not complied with the consultation requirements of Federal Rule of Civil Procedure 37(a)(1) and Civil Local Rule 37 (E.D. Wis., amended January 26, 2010), the court will consider the substantive matters therein to expedite this litigation.

In seeking sanctions against defendant Joe Henger, the plaintiff asserts that defendant Henger's responses to his requests to produce were late and maintains that defendant Henger did not produce group notes, a consent form, or any documentation from 2002 to 2004. In opposing the motion, defendant Henger's counsel in his letter of October 6, 2010, references earlier correspondence dated July 1, 2010, and September 29, 2010. Counsel for defendant Henger represents that all responsive documents have been produced and that he has not withheld any documents. Defendant Henger also represents that he has answered the plaintiff's interrogatories. The plaintiff does not address defendant Henger's responses in his reply. Thus, the court concludes that the defendant Henger has complied with the plaintiff's discovery requests to the best of his ability and will deny the plaintiff's motion to sanction defendant Henger.

With regard to defendants Smith and Stark, the plaintiff asserts that their responses to his requests to produce were tardy and that they failed to produce chronological logs and treatment notes from 2002 to 2004. In response, defendants Smith and Stark contend that the plaintiff was not under supervision in Wisconsin until 2006 and, as a result, there are no supervision documents from 2002 to 2004. In his reply, the plaintiff insists that pursuant to an interstate compact he was under the supervision of Agent Kathy McVickers and Agent Julia Stark during that time.

Neither the plaintiff, nor the defendants, have provided evidentiary support for their position. Rather the parties merely assert in their briefs that the plaintiff either was, or was not, under supervision from 2002 to 2004. Given this on-going dispute and lack of evidence on this issue, defendants Smith and Stark are directed to search their records to determine whether or not the plaintiff was under state supervision pursuant to an interstate

compact from 2002-2004. Defendants Smith and Stark shall file an affidavit with the court detailing the results of their search. At this juncture, the plaintiff has not established a basis for sanctions and, accordingly, the plaintiff's motion for sanctions will be denied.

The plaintiff further argues that defendants Smith and Stark never responded to his interrogatories. In response, defendants Smith and Stark state that the interrogatories were untimely because they were not served early enough to be answered prior to the discovery deadline. More importantly, defendants Smith and Stark maintain that they were justified in not answering the interrogatories because there were 40 of them. They state that they wrote to the plaintiff to ask him which 25 interrogatories he wanted answered, but that the plaintiff did not respond. In his reply, the plaintiff maintains that he told the defendants that 25 of the interrogatories were for defendant Smith and 15 were for defendant Stark.

A review of the interrogatories, which the plaintiff filed with the court (see Docket #41) reveals that the interrogatories are clearly labeled for each defendant. However, Civil Local Rule 33(a)(2)(A) (E.D. Wis.) provides that for the purpose of computing the number of interrogatories to be answered, parties represented by the same attorney or law firm are regarded as one party. Because defendants Smith and Stark are represented by the same counsel, the plaintiff is only entitled to ask them a total of 25 interrogatories.

The plaintiff's motion for sanctions will be denied. However, the plaintiff will be given the opportunity to serve defendants Smith and Stark with a total of 25 interrogatories. The plaintiff shall serve defendants Smith and Stark with the 25 interrogatories he wants them to answer on or before January 11, 2011, and defendants Smith and Stark shall respond to those interrogatories on or before February 11, 2011.

## II. APPOINTMENT OF COUNSEL

The plaintiff has filed both a request and a motion for the appointment of counsel. In an Order dated June 1, 2010, the court denied a request by the plaintiff for the appointment of counsel. The court stated:

> The plaintiff has not provided any indication that he has unsuccessfully attempted to obtain legal counsel on his own. Nonetheless, the plaintiff has provided a detailed complaint setting forth his claims, and the issues in this case appear at this stage to be straightforward. Therefore, at this juncture, given the nature of the case, it appears that the plaintiff is competent to litigate this case himself.

(Court's Order dated June 1, 2010 at 2) (Docket #33).

In support of his request for appointment of counsel, which was filed July 2, 2010, the plaintiff states that he had assistance with his complaint, but that those who assisted him are no longer available. He asks the court to recruit legal representation due to his indigence, limited legal knowledge, and his unsuccessful attempts to obtain legal representation. He appears to have satisfied the threshold inquiry by detailing his attempts to obtain legal counsel on his own.

In his motion for appointment of counsel filed on September 22, 2010, the plaintiff argues that he is unable to afford counsel, and that his imprisonment will limit his ability to litigate. He further states that the issues in this case are complex and will require significant research and investigation. He also asserts that he has limited access to the law library and limited knowledge of the law. The plaintiff further argues that the trial in this case will likely involve conflicting testimony and indicates that he "may not perform effectively while on psychotrophic medications." (Plaintiff's Motion for the Appointment of Counsel at 1). He generally asserts that he has made repeated efforts to obtain a lawyer,

but that he has not received any responses.

In considering whether to recruit pro bono counsel, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Pruitt v. Mote, 503 F.3d 647, 654-45 (7th Cir. 2007) (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993)). Nothing in the plaintiff's request or motion changes the court's previous conclusion that the plaintiff is able to litigate this case himself. Although he asserts that those who helped him with his complaint are no longer available, the documents the plaintiff recently submitted to the court show that he is competent to litigate this action. At this juncture, both the plaintiff's request and his motion for appointment of counsel will be denied without prejudice.

### III. DEFENDANTS' MOTIONS

The court has reviewed the motions submitted by the defendants. Defendant Henger provided the proper notice required by the Civil Local Rules (E.D. Wis.), and his motion for summary judgment is now fully briefed and will be addressed in a separate decision and order.

However, it is unclear whether the plaintiff received the proper notice with respect to the motion filed by defendants Smith and Stark. The motion references Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure and Civil Local Rule 7.1.[1] The motion also states that a copy of each rule is attached, but a review of the docket reveals that the

---

[1] Civil Local Rule 56(a) (E.D. Wis.) sets forth the procedures that must be followed and the rules that must be provided when filing a motion for summary judgment in a case in which the opposing party is proceeding pro se.

attachments were not electronically filed with the court, nor were any attachments or rules referenced in the certificate of service.  See Docket # 66.  It appears that the plaintiff has not received proper notice of the rules applicable to summary judgment with regard to the motion filed by defendants Smith and Stark.

The court also notes that defendants Smith and Stark presented their motion under both Rule 12(b)(6) and Rule 56, and that they attached affidavits and a number of exhibits in support of their motion.  Under Rule 12(d), if matters outside the pleadings are presented to and not excluded by the court on a motion brought under Rule 12(b)(6), "the motion must be treated as one for summary judgment under Rule 56."  At this stage, where these defendants have prepared and submitted three affidavits and a large number of exhibits and addressed the merits of the plaintiff's claims, the court declines to exclude that information and will treat this as a motion for summary judgment under Rule 56.

The motion to dismiss/motion for summary judgment filed by defendants Smith and Stark will be denied without prejudice with leave to re-file a notice of motion and motion for summary judgment.  Defendants Smith and Stark do not need to re-file their brief and other supporting documents.

### **ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's request for appointment of counsel be and hereby is **denied without prejudice**.  (Docket #37).

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel be and hereby is **denied without prejudice**.  (Docket #48).

**IT IS FURTHER ORDERED** that the plaintiff's motion to sanction the defendants for

alleged violations of Rules 33 and 34 be and hereby is **denied**. (Docket #51).

**IT IS FURTHER ORDERED** that the motion to dismiss/summary judgment filed by defendants Julie Smith and Julia Stark be and hereby is **denied without prejudice**. (Docket #60).

**IT IS FURTHER ORDERED** that defendants Stark and Smith may re-file their motion and provide the notice required by the Civil Local Rules (E.D. Wis.). They need not re-file their brief or other supporting documents, but should reference those documents by docket number in their re-filed motion.

**IT IS FURTHER ORDERED** that on or before **January 11, 2011**, the plaintiff shall serve upon defendants Stark and Smith the 25 interrogatories he wants them to answer.

**IT IS FURTHER ORDERED** that defendants Stark and Smith shall respond to the plaintiff's interrogatories on or **February 11, 2011**.

**IT IS FURTHER ORDERED** that defendants Stark and Smith shall search their records to determine whether the plaintiff was under state supervision from 2002 to 2004 pursuant to an interstate compact. They shall file an affidavit with the court on or before **January 11, 2011**, detailing the results of their search.

Dated at Milwaukee, Wisconsin this 16th day of December, 2010.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge