# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

HERMAN L. CRAWFORD,

    Plaintiff,

v.                                              Case No. 09-C-0616

WISCONSIN DEPARTMENT OF CORRECTIONS,
JULIE SMITH,
JULIA STARK, and
JOE HENGER,

    Defendants.

# DECISION AND ORDER

The plaintiff has filed a pro se action under 42 U.S.C. § 1983, alleging a violation of his civil rights. He was allowed to proceed on the following claims: (1) a Fifth Amendment self-incrimination claim against defendants Joe Henger, Julie Smith, and Julia Stark; (2) Fourteenth Amendment due process claims against defendants Smith and Stark; (3) an Eighth Amendment cruel and unusual punishment claim against defendants Smith and Stark; (4) a state law tort claim for intentional infliction of emotional distress against defendants Smith and Stark; (5) an Eighth Amendment medical and mental health care claim against defendant Smith; and (6) First Amendment retaliation claims against defendants Henger, Smith, and Stark.

The defendants have filed the following motions: defendant Henger's motion for summary judgment (Docket #54) and defendants Smith and Stark's motion for summary judgment. (Docket #78). The motions are fully briefed and will be addressed herein.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. §636(b)(1)(B) and General Local Rule 72 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

## **SUMMARY JUDGMENT STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that

would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## **RELEVANT UNDISPUTED FACTS**[1]

In October 2000, the plaintiff was convicted of kidnaping, a Class A felony, in the State of Illinois. The plaintiff was discharged by the State of Illinois and he moved to Wisconsin two years later. (Complaint at 4). He is currently a resident of Racine, Wisconsin.

Defendant Julie Smith is a senior probation and parole officer with the State of Wisconsin Department of Corrections (DOC). She served as the plaintiff's supervising agent from November 30, 2006, through January 12, 2007. She again became his supervising agent in March 2007, and has served in that capacity since that time. Defendant Julia Stark is the corrections field supervisor at the Division of Community Corrections in Sturtevant, Wisconsin. Defendant Stark was defendant Smith's supervisor at all times relevant.

Defendant Joseph Henger is a licensed clinical social worker, marriage and family therapist and professional counselor. Defendant Henger conducted a group program for participants in sex offender therapy (SOT) entitled "Sex Offender Cognitive Behavior Management Assessment and Education Program." In this program, defendant Henger assessed the risk of the sex offender to the community and made recommendations to the DOC based upon that assessment. The plaintiff was enrolled in defendant Henger's SOT

---

[1] The undisputed relevant facts are taken from the plaintiff's complaint which is a verified complaint (See Ford v. Wilson, 90 F.3d 245, 246 [7th Cir. 1996]), relevant attached exhibits, the plaintiff's affidavit and attached exhibits, and the proposed findings of fact of defendants Henger, Smith, and Stark.

group between May 2006 and April 2007.

On May 16, 2006, the plaintiff pled guilty to and was convicted of a sex registry violation pursuant to Wis. Stat. §301.45(g)(a)1. He was sentenced to state prison for 18 months and extended supervision for a period of two years. However, the sentence was stayed and the plaintiff was placed on probation for a period of 30 months. The sentence provided that the plaintiff "must obey all rules and regulations while on [p]robation." (Affidavit of R. Duane Harlow [Harlow Aff.] , Exh. A at 1). As part of his probation, the court ordered the plaintiff to "[p]articipate in all treatment as recommended by the Department" and "[c]omply with Sex Offender Registration under 301.45." Id., Exh. A at 2. On November 7, 2006, Racine County Circuit Court Judge John S. Jude approved a settlement agreement and issued an order to transport under Wis. Stat. §51.20(1) in Case No. 06-ME-287. The agreement and order set forth conditions for the plaintiff's mental health treatment. (Affidavit of Plaintiff Herman L. Crawford [Plaintiff's Affidavit], Exh. C at 1).

On May 3, 2007, the plaintiff was terminated from defendant Henger's SOT program because of "UNAUTHORIZED SEXUAL CONTACT." (Affidavit of Bradley Foley in Support of Defendant Joe Henger's Motion for Summary Judgment [Foley Aff.], Exh. C at 1).

On May 17, 2007, the plaintiff was informed that the DOC was seeking to revoke his probation. In May 2007, defendant Henger terminated the plaintiff from his group therapy sessions. Later, in November 2008, the plaintiff was notified that his veterans benefits would no longer cover his medications. The plaintiff avers that defendant Smith failed to pursue other "health remedies" for him at this time. (Complaint at 2).

On September 18, 2007, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983,

alleging violations of his constitutional rights by various defendants, including defendants Smith and Stark. Crawford v. Department of Corrections, Case No. 07-C-840 (E.D. Wis. 2008) (Crawford 1). Defendant Henger was added as a defendant in the plaintiff's amended complaint. Id. One of the claims involved a state law slander claim.

On November 29, 2007, the plaintiff served two notices of claim upon the Attorney General for the State of Wisconsin. Other than these two notices of claim on November 29, 2007, the plaintiff has not served any other notices of claim upon the Wisconsin Attorney General.

On January 22, 2008, after a hearing, an administrative law judge with the Division of Hearings and Appeals revoked the plaintiff's probation. Id., Exh. D at 6. The plaintiff pursued an administrative appeal of the ALJ's decision and the decision was sustained. The plaintiff did not file a petition for a writ of certiorari to review the appeal decision. In August 2008, the plaintiff was released from prison and placed on extended supervision. Defendant Smith was assigned as his supervising agent. However, an ALJ revoked the plaintiff's extended supervision on September 3, 2009. On February 9, 2010, the plaintiff was released from prison and placed back on extended supervision, which was revoked again on March 11, 2010. On February 6, 2009, Crawford I was dismissed with prejudice for lack of prosecution.

## **ANALYSIS**

As a preliminary matter, all three defendants assert that the present action should be dismissed under the doctrine of res judicata, since this court dismissed Crawford I with prejudice. In response, the plaintiff contends that his claims are based on actions taken subsequent to Crawford I.

- 5 -

Defendants Smith and Stark assert that if the court does not dismiss this action on the basis of res judicata, the action is subject to dismissal on other grounds. According to defendants Smith and Stark, the due process claim relating to the revocation of the plaintiff's parole should be dismissed because the plaintiff was required to prevail on certiorari and habeas corpus review before initiating the present action. They also contend that the plaintiff had adequate post-deprivation state remedies regarding the due process claim and that they are entitled to absolute immunity for the actions relating to a decision to revoke probation.

Defendants Smith and Stark further submit that they are entitled to judgment as a matter of law with regard to the plaintiff's Fifth Amendment self-incrimination claim because requiring the plaintiff to participate in sex-offender treatment as a condition of probation does not violate his Fifth Amendment rights. Defendants Smith and Stark also assert that the plaintiff's Eighth Amendment claim should be dismissed on the basis of qualified immunity. With regard to the plaintiff's First Amendment retaliation claim, they contend that the plaintiff has not shown that a desire to retaliate played a substantial part in the defendants' conduct. Finally, defendants Smith and Stark maintain that they are entitled to judgment as a matter of law with respect to the state law claim for intentional infliction of emotional distress because the plaintiff has not complied with notice requirements.

In opposing the motion, the plaintiff states that defendants Smith and Stark are not entitled to immunity regarding the due process claim because he "is not arguing the decision to revoke his probation, but rather, "conduct and misuse of information during his supervision." (Plaintiff's Response to Defendants Smith and Stark's Motion for Summary Judgment at 5 [Docket # 70]). The plaintiff also contends that the defendants are not

entitled to qualified immunity with regard to the medical care claim because he was under court-ordered medical treatment and "it became the responsibility of [the] agent to see that all court conditions are met." Id. at 5-6. The plaintiff further contends that the filing of Crawford I was a motivating factor in defendants Smith's and Stark's conduct after that date. In addition, with regard to his cruel and unusual punishment claim, he asserts that defendant Stark cruelly and unusually punished him "by allowing [Smith] to continue supervising plaintiff" and that defendant Smith "continued the same misconduct of the last lawsuit and was never remorseful." (Complaint at 2[a]). Finally, with regard to the state law tort claim, the plaintiff asserts that "[i]t was the judge's decision to allow a state law tort claim." Id. at 7.

Defendant Henger also asserts that this action should be dismissed on the basis of res judicata. In the alternative, he maintains that the Fifth Amendment claim against him should be dismissed because the plaintiff's alleged forced admission was not used against him in a criminal case, nor was it a basis for revocation of his parole. Defendant Henger further contends that the First Amendment retaliation claim should be dismissed because the plaintiff cannot prove that the filing of Crawford I was a motivating factor in defendant Hanger's decision to remove the plaintiff from his group therapy sessions.

The plaintiff responds that he "never claimed he was revoked because of the information used by defendant Joe Henger." (Plaintiff's Response to Defendant Henger's Motion for Summary Judgment at 3 [Docket #71]). Rather, the plaintiff maintains that the information was used to "harass, provoke, and characterize that the plaintiff was in denial of his offense which was detrimental in finding favor or credibility in his pursuits to clarify his case." Id. The plaintiff further asserts that defendant Henger's conduct was motivated

by Crawford I and that he "was denied treatment for exercising his right to speak against the inaccuracy of his offense." Id. at 6.

**Res Judicata: Defendants Smith, Stark, and Henger**

All the defendants submit that this suit should be barred by res judicata. At the outset, the court notes that the district court, in granting the plaintiff leave to proceed in forma pauperis in the present action, held that res judicata did not apply because the earlier case, which was dismissed with prejudice, was not decided on the merits. However, in LeBeau v. Taco Bell, Inc., 892 F.2d 605, 607 (7th Cir. 1989) the court held that a dismissal for failure to prosecute, unless the court specifies otherwise, "operates an adjudication on the merits." See also, In re Energy Cooperative, Inc., 814 F.2d 1226, 1234-35 (7th Cir. 1987) (citing Phillips v. Shannon, 445 F.2d 460, 462 [7th Cir. 1971]). The plaintiff's earlier case was dismissed with prejudice for failure to prosecute and, therefore, the court will consider the applicability of the doctrine of res judicata in this case.

Under res judicata, parties are prohibited from re-litigating claims that were decided in a prior lawsuit. See e.g., Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 [1981]. The doctrine also applies to claims that could have been raised in a prior lawsuit. Id. Res judicata bars a claim where there was: "(1) a judgment on the merits in an earlier action; (2) an identity of parties or privies in the two suits; and (3) an identity of the cause of action between both suits." Brzostowski v. Laidlaw Waste Sys., Inc., 49 F.3d 337, 338 [7th Cir. 1995]. "Two claims are one for the purposes of res judicata if they are based on the same, or nearly the same, factual allegations." Id. at 339 (collecting cases); see also, Shaver v. F.W. Woolworth Co., 840 F.2d 1361, 1365 (7th Cir. 1988). Thus, even if a plaintiff's claims are not identical, the doctrine of res judicata may still apply if the claims

are based on the same allegations. Brzostowski, 49 F.3d at 339.

In Crawford I, the plaintiff asserted that defendants Smith and Stark violated his due process rights by testifying falsely at probation hearings and that defendant Stark denied him a preliminary hearing. The plaintiff also maintained that defendants Smith, Stark, and Henger were deliberately indifferent to his mental health needs in violation of the Eighth Amendment and that, as a result, he suffered from depression and other bodily harm. As part of his deliberate indifference claim, he asserted that all three defendants forced him to admit that his crime was sexually motivated. For instance, he maintained that defendants Smith and Stark threatened him with incarceration and/or revocation if he did not make such admissions. Moreover, he averred that defendant Henger coerced information from him and used that information against him by reporting it to defendants Smith and Stark. Finally, in Crawford I, the plaintiff brought a state law slander claim against defendant Smith for testifying against him in court.

In the present case, the plaintiff maintains that all three defendants violated his Fifth Amendment right against self-incrimination by forcing him to admit that his kidnaping crime was sexually motivated and that defendant Henger subsequently shared the admission with defendant Smith. According to the complaint, defendants Smith and Stark then used the information against him by revoking his parole.

With regard to his Eighth Amendment claims, the plaintiff states defendants Smith and Stark violated his right against cruel and unusual punishment. He asserts that defendant Smith "continued the same misconduct of the last lawsuit and was never remorseful" and that such "misconduct led to a lifetime mental illness of severe emotional distress in his major depression diagnosis." (Complaint at 2[a]). Further, the plaintiff states

that defendant Stark cruelly and unusually punished him "by allowing [Smith] to continue supervising plaintiff when she knew agent was the initiating source of the plaintiff's mental health issues from 2006-present." Id. at 1(a). In addition, the plaintiff contends that defendant Smith was deliberately indifferent to his serious mental health needs because she failed to provide him with necessary treatment for his mental disorder after his veterans benefits were terminated in November 2008. Id. at 2.

The plaintiff also asserts that all three defendants retaliated against him in violation of the First Amendment. He contends that defendant Stark retaliated against him for the filing of Crawford I by refusing to appoint a new parole officer for him. He also maintains that defendant Smith continued the same misconduct and that defendant Henger dismissed him from the sex offender program in retaliation for Crawford I. Additionally, the plaintiff has filed a state law tort claim against defendants Smith and Stark.

A comparison of the present complaint and Crawford I reveals that res judicata applies to the Fifth Amendment self-incrimination claim against all three defendants,[2] the due process claim against defendants Smith and Stark and the Eighth Amendment deliberate indifference claim against defendant Smith. All of these claims are based on the plaintiff's averments that he was forced to falsely admit that his crime was sexually motivated and that defendants Smith and Stark testified falsely against him at a preliminary hearing regarding his probation revocation. (Complaint at 1-3). The plaintiff made identical averments in Crawford I. Thus, these claims, which name the same defendants, are

---

[2] Although the plaintiff did not specifically identify a self-incrimination claim in Crawford I, his other claims in Crawford I were based on the same underlying allegations, namely that all three defendants forced him to admit that he was a sex offender. (Crawford I Amended Complaint at 1b-c, 2L, 2m).

- 10 -

subject to dismissal on res judicata grounds.

Moreover, the plaintiff's deliberate indifference claim involves conduct which occurred in November 2008 – several months before Crawford I was dismissed for lack of prosecution. As such, a claim involving this conduct could have been raised in Crawford I. See e.g., Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981).

With regard to the plaintiff's cruel and unusual punishment claim against defendants Smith and Stark, the plaintiff avers that the conduct on which this claim is based occurred after Crawford I. He states that defendant Smith "continued the same misconduct" after Crawford 1 and that defendant Stark violated the ban on cruel and unusual punishment by refusing to provide him with a new parole agent. (Complaint at 1[a]-2[a]). Defendants Smith and Stark point out that the present case was filed less than four months after Crawford I was dismissed. "Therefore, the only 'new' conduct that [the plaintiff] could have asserted when he filed his complaint in Crawford II is the conduct that allegedly occurred during the time period February 6, 2009, (the date of the dismissal order of Crawford I) to June 17, 2009, (the date that [the plaintiff] signed his complaint in Crawford II)." (Defendants Smith and Stark's Reply Brief at 2). Defendants Smith and Stark assert that the plaintiff fails to point to any specific conduct that occurred from February 2009 through June 2009.

Res judicata bars only claims that revolve around the same set of factual allegations. Here, the plaintiff states that defendant Stark refused to provide him with a new parole agent after Crawford I and that defendant Smith's conduct continued and became more severe after Crawford I. Thus, regardless of the amount of time between suits, the claims in the two suits are not based on the same set of factual allegations.

Similarly, because the plaintiff avers that the conduct relating to the retaliation claim against all three defendants occurred after Crawford I, this claim is also not barred by res judicata. As such, this court will address these claims on the merits below.

**Eighth Amendment Cruel and Unusual Punishment: Defendants Smith and Stark**

The Eighth Amendment's cruel and unusual punishment clause prohibits the "unnecessary and wanton infliction of pain" on prisoners. See Hudson v. McMillian, 503 U.S. 1, 5 (1992); Estelle v. Gamble, 429 U.S. 97, 102-03 (1976). "'What constitutes an 'unnecessary and wanton infliction of pain,' however, 'varies according to the nature of the alleged constitutional violation.'" DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) (quoting Hudson, 503 U.S. at 5). Threats and harassment may constitute cruel and unusual punishment. DeWalt, 224 F.3d at 612. However, "[s]tanding alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." Id.

The relevant undisputed facts fail to establish that defendant Smith inflicted "unnecessary and wanton" pain on the plaintiff. See Hudson, 503 U.S. at 5. The plaintiff merely asserts that defendant Smith "continued the same misconduct . . . and was never remorseful." (Complaint at 2[a]). This statement does not support the plaintiff's contention that defendant Smith's behavior rose above "simple verbal harassment." Id.

Because the undisputed facts fail to establish that defendant Smith cruelly and unusually punished him, the facts also do not support the plaintiff's assertion that defendant Stark cruelly and unusually punished him by allowing defendant Smith to continue supervising him. As such, the court will grant defendants Smith and Stark's motion for summary judgment regarding the plaintiff's cruel and unusual punishment claim.

**First Amendment Retaliation Claim**:  Defendants Smith, Stark, and Henger

"[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983." Howland v. Kilquist, 833 F.2d 639, 644 (7th Cir. 1987). Prison officials infringe upon a prisoner's rights if the officials retaliate against an inmate for exercising his or her right to access the courts. Higgason v. Farley, 83 F.3d 807, 810 (7th Cir. 1995).

To succeed on a retaliation claim, a plaintiff must show that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation which would more than likely deter his exercise of First Amendment rights in the future; and (3) the defendant's decision to retaliate was motivated at least in part by the plaintiff's exercise of his or her First Amendment rights. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009). At the summary judgment stage, a plaintiff must submit evidence that the filing of his lawsuit was "a substantial or motivating factor" in the prison official's conduct. Brookins v. Kolb, 990 F.2d 308, 315 (7th Cir. 1993).

To show that a defendant was motivated by the plaintiff's exercise of a First Amendment right, the plaintiff must present a chronology of events from which a trier of fact could reasonably infer a retaliatory motive. Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 285-87 (1997); Cain v. Lane, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988). Merely alleging that the defendant retaliated against the plaintiff is not enough. Murphy v. Lane, 833 F.2d 106, 108 (7th Cir. 1987). Additionally, the fact that the plaintiff filed an earlier lawsuit against the defendant, without more, is not enough to imply retaliation. Benson v. Cady, 761 F.2d 335, 342 (7th Cir. 1985). Indeed, "[t]he burden to

show that the protected conduct was the motivating factor for the retaliation is high." Babcock v. White, 102 F.3d 267, 275 (7th Cir. 1996).

In this case, the plaintiff asserts that defendant Stark retaliated against him by allowing defendant Smith to continue supervising him and that defendant Smith retaliated against him by placing a faulty monitoring device on him beginning in August 2008. (Complaint at 2-2[a]). However, the relevant undisputed facts fail to support the plaintiff's assertion that these actions were motivated by Crawford I. Similarly, the plaintiff contends that defendant Henger retaliated against him by removing him from his therapy group because of Crawford I but does not offer any evidence in support of this statement. Indeed, the relevant undisputed facts show that the plaintiff was terminated from his group therapy for unauthorized sexual contact. Thus, the plaintiff's retaliation claims must be dismissed.

**State Law Tort Claim**: **Defendants Smith and Stark**

With regard to his state law tort claim against defendants Smith and Stark, the plaintiff has failed to comply with the notice procedures set forth in Wis. Stat. § 893.82. Wisconsin Statutes § 893.82 provides:

> no civil action or civil proceeding may be brought against any state officer, employee, or agent . . . unless within 120 days of the event causing the injury. . . the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for the injury, damage or death and the names of persons involved, including the name of the state officer, employee or agent involved.

Here, the undisputed facts establish that the plaintiff served two notices upon the Wisconsin Attorney General on November 29, 2007. Other than these two notices of claim, the plaintiff has not presented any other notices of claim upon the Attorney General.

- 14 -

Because the plaintiff has not complied with notice procedures, the state law tort claim must be dismissed at the summary judgment stage.

In sum, the defendants are entitled to summary judgment as a matter of law on all of the plaintiff's claims, including his Fifth Amendment self-incrimination claim against all three defendants, his due process claims against defendants Smith and Stark, his Eighth Amendment cruel and unusual punishment claim against defendants Smith and Stark, his state law tort claim against defendants Smith and Stark, his Eighth Amendment medical care claim against defendant Smith, and his First Amendment retaliation claim against all three defendants.

## **CONCLUSION**

**NOW, THEREFORE, IT IS ORDERED** that defendant Henger's motion for summary judgment (Docket # 54) be and hereby is **granted**.

**IT IS ALSO ORDERED** that defendants Smith and Stark's motion for summary judgment (Docket #78) be and hereby is **granted**.

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of September, 2011

                BY THE COURT

                s/ Patricia J. Gorence
                Patricia J. Gorence
                U.S. Magistrate Judge